### J. M. SEBASTIAN v. THE STATE.

No. 1934. Decided June 6, 1900.

1. **Murder—Communicated Threats—Charge as to.**

On a trial for murder it was error for the court to charge the jury that evidence of threats by deceased prior to the killing and which were communicated to defendant were to be considered by the jury for the purpose of assisting them in determining the state of mind and intent of deceased at the time of the homicide. The object and purpose of communicated threats as evidence ordinarily is to show what effect, if any, they may have had in connection with the act and conduct of the deceased upon the state of mind of the defendant, and not deceased, at the time of the homicide.

**2. Same.**

On a trial for murder a defendant is entitled, if at all, to an affirmative instead of a negative charge upon threats in connection with the charge upon self-defense.

APPEAL from the District Court of McLennan. Tried below before Hon. SAM R. SCOTT.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The indictment charged appellant and one W. M. Gates jointly with the murder of Francis M. B. Stripling, on the 13th day of October, 1894, by shooting him with a gun. In this case defendant J. M. Sebastian was alone tried. This is the second appeal in this case. See Sebastian v. State, 41 Texas Crim. Rep., 248. This appeal is disposed of on errors in the charge of the court, which are fully set out in the opinion.

*Waller S. Baker* and *Shapley P. Ross,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of five years, and he prosecutes this appeal.

Appellant assigns a number of errors. But, in the view we take of the case, it is only necessary to consider one of said assignments, and that relates to the charge of the court. The charge complained of is on the question of threats in connection with self-defense, and is as follows: "Upon the question of threats, you are instructed that threats made by the deceased against the person charged with the killing of the deceased are admissible as evidence, and may be considered by you regardless of the character of such threats, if any were communicated to defendant prior to the killing, for the purpose of assisting the jury in determining the state of mind and intent of deceased at the time of the homicide. But, before a homicide can be justified upon the ground of threats, it must appear from the evidence that the threats, if any, made by deceased to take the life of defendant, or to do him serious bodily injury, were communicated to defendant prior to the homicide, and it must further appear from the evidence that at the time of the homicide deceased by some act then done manifested an intention to then and there execute the threat so made, if any; and unless such threats, if any were made by deceased, were communicated to defendant prior to the homicide, and unless you further find that deceased at the time of the homicide committed some overt act from which it reasonably appeared to defendant that deceased intended then and there to execute such threat, it would afford no justification for taking the life of deceased." The record shows that deceased had threatened to take the life of appellant; that at least some of these threats were communicated to appellant. Now, it will be seen from

the charge quoted that the court instructed the jury that threats could be considered by them, if they were communicated to defendant prior to the killing, for the purpose of assisting the jury in determining the state of mind and intent of deceased at the time of the homicide. In some instances uncommunicated threats may be used to show which was the aggressor of two parties engaged in a difficulty. But here we have the court telling the jury that they could look to communicated threats—that is, threats communicated to defendant prior to the killing, made by deceased—for the purpose of determining the intent of deceased at the time of the homicide. In a certain sense this may be correct, but we are not particularly concerned about the state of mind or intent of the deceased, save as it may have a bearing on the state of mind or intent of defendant at the time of the homicide. Where self-defense is set up, communicated threats are generally invoked to render some act of deceased significant, as tending to show it was of a hostile character, or to intensify and render more significant some act of deceased towards defendant, and thus to enable the jury to determine how the act or conduct of deceased, in the light of the threat, may have operated upon the mind of defendant at the time, justifying him in the commission of the homicide. On the contrary, here the effect of the charge given was to limit the inquiry of the jury in regard to threats as to how they may have operated on the mind of deceased. This charge was clearly misleading, and, instead of giving the jury a proper rule on the subject of threats, gave them an instruction which was calculated to deprive defendant of any benefit he might have otherwise derived from the evidence introduced on the subject of threats in connection with his plea of justifiable homicide.

In addition to this, when the court came to apply the law to the facts, he gave a charge in a negative shape,—that is, the court instructed the jury, in effect, that before defendant could rely on threats the jury must believe that deceased by some act done manifested the intention to execute the threats so made; and unless such threats, if any were made by deceased, were communicated to defendant prior to the homicide, and unless deceased at the time of the homicide committed some overt act from which it reasonably appeared to defendant that deceased intended then and there to execute such threat, it would afford no justification for taking the life of deceased. This was all the charge on threats. Certainly, if appellant was entitled to have a charge on this subject at all, he was entitled to an affirmative charge; that is, in fairness, the jury should have been told, if they believed that deceased had threatened to take the life of defendant, or had threatened to do him some serious bodily injury, and they further believed that at the time of the homicide he then did some act which caused defendant to reasonably believe that his life was in danger or his person in danger of serious bodily injury, and under such circumstances shot and killed deceased, to find him not guilty. As stated

above, we do not deem it necessary to discuss other assignments, but for the error pointed out in the charge on the doctrine of threats the judgment is reversed and the cause remanded.

*Reversed and remanded.*