### JOHN HEXT v. THE STATE.

No. 3292.     Decided October 25, 1905.

**Aggravated Assault—Deadly Weapon—Simple Assault.**

On trial for aggravated assault by means of a knife alleged to be a deadly weapon, where the evidence showed that no one saw a knife in the hands of defendant, or testified to the kind of weapon he used in the assault, the same was insufficient to sustain a conviction for aggravated assault, or even simple assault; the court having failed to charge unless the knife was shown to have been used by defendant to acquit.

Appeal from the County Court of Newton.   Tried below before Hon. Geo. V. Denman.

Appeal from a conviction of aggravated assault; penalty, a fine of $25. The opinion states the case.

*West & Howard,* for appellant.—On question of deadly weapon: Sparks v. State, 23 Texas Crim. App., 447; Wilson v. State, 34 Texas Crim. Rep., 64; Melton v. State, 30 Texas Crim. App., 273; Jenkins v. State, id., 379.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for aggravated assault. The Assistant Attorney-General has filed a motion to dismiss the appeal on the ground that the recognizance is defective. An examination of the recognizance shows that it does not state the amount of the punishment assessed against appellant, as required by article 887, Code Criminal Procedure. May v. State, 40 Texas Crim. Rep., 196. The motion is sustained; and the appeal accordingly dismissed.

*Dismissed.*

ON REHEARING.

November 22, 1905.

DAVIDSON, PRESIDING JUDGE.—On a former day of this term, the appeal was dismissed for want of a sufficient recognizance. It has been made to appear satisfactorily to the court, by a certified copy of the recognizance, that it was incorrectly copied in the transcript originally, and that said instrument is in due form of law. Wherefore the dismissal of the appeal is set aside, and the cause reinstated, and it is now before us on its merits.

The conviction is for aggravated assault. The indictment charges

the assault was committed by means of a knife, which was then and there a deadly weapon, and that by means of said knife he cut Reuben Burnham. Without going into a detailed statement of the facts, it is sufficient to state that on the night of this alleged transaction, there was a dance in progress at the residence of ·Phelps, and that Rodgers' little daughter refused to dance with appellant because she said he was an old drunken fool. He replied he did not give a cent; that he had paid her father 65 cents to play the fiddle, and he could get others to dance with him. Some commotion and trouble arose at the time, in connection with the matter, in which Burnham and appellant were involved. Burnham went away in company with others from the house, and was followed by appellant. The difficulty which forms the basis of this prosecution then arose. In regard to that Burnham, the alleged assaulted party says: " * * * Hext and others came to where we were. Hext struck at me, and Garlington pushed me down; did not see knife. Pants, drawers, undershirt and lower part of the vest was cut. Knife did not cut me; only my clothes. Only lick he hit me. Don't know if he was drunk; didn't see him drinking. All drinking more or less. Was drinking myself; had all I needed." Frank Burnham testified that he did not see the knife; that Reuben's clothes were cut; heard no one fall. "Was drinking; had all I needed. Reuben was drinking." Garlington testified: "Hext made a lunge at Burnham, and I shoved Burnham down; did not see knife. Burnham's clothes were cut or ripped. Reuben said, "he did not hurt me." This is the State's case.

In the first difficulty in the house somebody had knocked appellant down. The conviction was aggravated assault. The indictment having charged the knife to be a deadly weapon, as the cause of aggravation by which the assault was raised above that of simple assault, it was necessary for the evidence to show that the knife was a deadly weapon; otherwise the assault would be no more than a simple assault, if in fact an assault was committed. The evidence failing to show the knife was a deadly one, a conviction for the aggravated assault cannot be maintained. In this connection two things are patent from this testimony: (1) that no one saw a knife in the hands of appellant; and (2) that no witness undertook to testify in regard to the kind of weapon appellant had. It may or may not have been a knife. If it was not a knife, then an acquittal should have followed, because the means of assault charged was not a knife. If it was a deadly weapon, the aggravated nature of the case might have been sustained. If it was not a deadly weapon, but a knife, a simple assault might be sustained. But in order to sustain either phase of assault, it must be shown that the knife was used, for this was the means by which the assault is alleged to have been committed. Appellant asked a special instruction to the effect that unless the State could prove the assault was with a knife even a simple assault could not be sustained. This was refused, and erroneously so.

Because of the insufficiency of the evidence to support the conviction for aggravated assault, and because of the failure of the court to charge the jury that unless the knife was shown to have been used by appellant, the jury should acquit, the judgment is reversed and the cause remanded.

*Reversed and remanded.*