## O. P. Beaupre v. The State.

### No. 2390. Decided April 16, 1913.

**1.—Murder—Evidence—Identity of the Defendant.**

Where all the facts and circumstances pointed to the defendant as being the person who committed the murder, the conviction was sustained.

**2.—Same—Evidence—Acts of Defendant.**

Where defendant claimed suffering and distress, tears and grief and other manifestations of sorrow at the death of the deceased, there was no error in admitting testimony that all of this was feigned.

**3.—Same—Jury and Jury Law—Challenge.**

In the absence of bills of exception that an objectionable juror was forced on defendant, the matter cannot be reviewed; besides, the defendant did not exhaust his challenges.

**4.—Same—Adequate Cause—Charge of Court.**

Where there was no evidence presenting the issue of adequate cause, there was no error in the court's failure to charge on manslaughter.

**5.—Same—Means Used—Charge of Court.**

Where, upon trial of murder, the evidence showed that the deceased was struck on the head with a hammer, and the court saw proper to submit that issue to the jury, but failed to instruct them as to the offense of which defendant would be guilty, the same was reversible error, as defendant might have been convicted on a state of facts which would justify a verdict of a lower offense.

Appeal from the District Court of Ellis. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of murder in the second degree; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, and *C. A. Pippen,* County Attorney, for the State.—On question of court's charge in failing to submit aggravated assault: Maxwell v. State, 19 S. W. Rep., 914; Elsworth v. State, 54 Texas Crim. Rep., 38, 111 S. W. Rep., 963; Summers v. State, 66 Texas Crim. Rep., 551, 148 S. W. Rep., 774; Bishop v. State, 43 Texas, 390; Martin v. State, 25 Texas Crim. App., 557; Johnson v. State, 27 Texas, 757; Lott v. State, 66 Texas Crim. Rep., 152, 146 S. W. Rep., 544.

On question of challenge: Oates v. State, 149 S. W. Rep., 1194; Byrd v. State, 151 S. W. Rep., 1068.

On question of pain and grief: Powers v. State, 5 S. W. Rep., 153; Myers v. State, 39 S. W. Rep., 111; Holland v. State, 60 Texas Crim. Rep., 117, 131 S. W. Rep., 563; Watson v. State, 52 Texas Crim. Rep., 85, 105 S. W. Rep., 509; Clark v. State, 12 S. W. Rep., 729.

HARPER, JUDGE.—In this case appellant was indicted for murder in the District Court of Dallas County; the venue was changed to Ellis County, and on trial he was convicted of murder in the second degree.

Appellant earnestly insists that the evidence will not support the verdict in that it does not point out with unerring certainty that appellant is the person who killed Mrs. Beaupre. We have studied the record carefully, and are of the opinion that, taking all the facts and circumstances, the fact that a woman's screams were heard just prior to the time appellant called his neighbors, the fact that when he approached she showed resistance, being killed with a hammer belonging on the place, and no other person being shown to have been on the place, the jury was justified in finding that appellant struck the blow. Nor was there error in the court permitting the two witnesses to state that appellant's grief on the occasion was feigned. He had proven and was proving by every witness he could the distress he was suffering, the tears

he was shedding, and grief he was manifesting, and it would be a
strange rule of law to permit this character of testimony and yet exclude
evidence that it was not genuine.

As appellant did not exhaust his challenges, and no objectionable
juror was forced on him, the bills in regard to selection of jurymen
are presented in a way that we are not called on to review this question.
Where there is no evidence presenting the issue that "adequate cause"
existed to produce a degree of anger, rage or resentment as to render
the mind incapable of cool reflection, the court is not required nor
authorized to charge on manslaughter.

There is one question presented, however, which will require a reversal
of the case. Appellant's wife was struck on the head with a hammer.
This inflicted a wound from which she died in two or three days. The
court instructed the jury:

"The instrument or means by which a homicide is committed are to
be taken into consideration in judging the intent of the party offending.
If the instrument be one not likely to produce death, it is not to be
presumed that death was designed, unless from the manner in which
it was used such intention evidently appears.

"Therefore, if you find from the evidence that the defendant did
kill Hattie Beaupre by striking and beating her with a hammer, and
you find that said hammer was an instrument not likely to produce
death, you will not presume that the death of said Hattie Beaupre was
designed by him unless you find from the evidence beyond a reasonable
doubt that from the manner in which it was used such intention evi-
dently appears."

If the hammer was such an instrument to call for this charge, then
the jury ought to have been instructed if they so found of what offense
appellant would be guilty. If the instrument was not likely to produce
death, and the intent to kill was not manifest from the manner of its
use, the offense would be of no higher grade than aggravated assault.
The court gave the above charge and leaves the jury without chart or
compass as to the verdict they should render in such an event. We have
given considerable thought as to whether the above charge was called
for under the evidence. A hammer in the hands of a vigorous adult
male would be a deadly weapon, and such a charge would be wholly
uncalled for. But as the court in this case saw proper to submit that
issue to the jury, there is no proof of the height, weight or strength of
appellant, and the hammer being introduced in evidence, in deference
to the opinion of the judge that this issue was in the case, we do not
feel authorized to so hold. But certainly if the jury found with the
defendant on this issue or issues, the jury should not be authorized nor
permitted to find him guilty of murder in the second degree in such
state of case, and yet under the charge as given in this case they would
feel compelled to so find.

The other matters in the record present no error, but because the
charge authorized the jury to find appellant guilty of murder in the

second degree on a state of facts which would only justify a verdict for aggravated assault, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*