ARVIE NEAL v. THE STATE.

No. 8331. Delivered October 26, 1924.

No motion for rehearing filed.

**1.—Murder—Charge of Court—on Aggravated Assault—If in Issue.**

The assault upon deceased, resulting in his death was committed with an axe handle, not *per se* a deadly weapon. The court omitted from his charge all reference to or application of Arts. 1147-1148 and 1149 of our penal code. Proper objections were made to this omission by appellant. Where the weapon used in committing the homicide is not *per se* a deadly weapon, the intent to kill is a question, for the jury, and the court should charge on assault under Arts. 1147 and 1149, P. C.

**2.—Murder—Charge of Court—Communicated Threats.**

Communicated threats by deceased against the appellant, was clearly raised by the evidence. Nowhere in the charge does the court specifically apply the law of communicated threats, and tell the jury that if at the time of the killing, by some act then done by the deceased it reasonably appeared to the appellant, as viewed from his standpoint, that deceased manifested an intention to execute the threats, his right of self-defense would be complete. See cases collated in opinion.

Appeal from the District Court of San Augustine County. Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction of murder; penalty, seven years in the penitentiary.

*W. T. Davis,* and *Nall, King & Jackson,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant stands convicted of murder growing out of the killing by him of Jim Hines. Punishment assessed is confinement in the penitentiary for seven years.

The disposition we find necessary to make of the case renders any lengthy statement of the facts unessential. The killing occurred in the city of San Augustine. The weapon used by appellant was an axe handle. He struck deceased several blows on the head with it, some after deceased had fallen.

There was evidence raising the issues of murder, manslaughter and self-defense, all of which were submitted to the jury. One serious question arises upon the contention that under the facts the court should have also charged upon aggravated assault because of the character of the weapon with which the homicide was committed. The evidence with reference to the weapon was that it was a double-bit

axe handle such as was commonly used, there being nothing to distinguish it from other handles of like character. It was some thirty inches long, weighed one and one-half pounds, something like 2¼ inches wide, and about ¾ or ⅞ inches thick.

The court omitted from his charge all reference to, or application of, Articles 1147, 1148 and 1149 of our Penal Code, relating to presumptions or lack thereof from the character of the weapon used. Specific objections to the charge because of such omissions were presented in writing as follows:

"Said charge fails to submit to the jury for their consideration the issue of aggravated assault raised by the evidence in this case. "Said charge fails to instruct the jury in terms required by the law that the instrument, or means by which the homicide is committed are to be taken into consideration in judging of the intent of the party inflicting the injury, and that if the instrument used be not likely to produce death it is not to be presumed that death was designed unless from the manner of the use of the instrument such intent plainly appears."

In addition to the foregoing objections appellant requested the following special charge:

"You are instructed that a necessary element in the offense of murder and manslaughter is the intent to kill, and you are therefore instructed that the instrument or means by which a homicide is committed must be taken into consideration in judging of the intent of the party committing the homicide; and if the instrument or means used be such as is not likely to produce death, it is not to be presumed that death was designed unless, from the manner in which it was used, such intention evidently appears, and the burden rests upon the State to establish this fact by legal evidence beyond a reasonable doubt, and in case you have a reasonable doubt of an intent to kill on the part of the defendant, you will acquit the defendant of the offense of murder and manslaughter as herein defined to you."

The court declined to give the charge as requested, but over appellant's objection qualified it by striking out the words "of the offense of murder and manslaughter as herein defined to you." By the qualified charge as given, and the refusal to charge on aggravated assault, the jury were left no alternative other than to acquit absolutely or to convict of murder or manslaughter. The jury did not accept appellant's theory of manslaughter and convicted of murder; whether they would have reached this verdict under the facts of the case had they been advised by a proper charge upon aggravated assault based upon the character of weapon used by appellant opens up such a field of speculation that we do not feel authorized to hold the omission of such instruction to have been harmless.

Where the weapon used in committing the homicide is not *per se* a deadly weapon the intent to kill is a question for the jury, and

the court should charge on assault under Articles 1147 and 1149 P. C. It has been held in many cases that an axe handle is not *per se* a deadly weapon. (See Sec. 2102 and 1587, Branch's Ann. P. C., for authorities.) The case of Merka v. State, 82 Texas Crim. Rep., 550, 199 S. W. 1123 presents facts similar to the present case in that the weapon there used was also an axe handle. It was stated in that opinion that the jury should have been told of what offense accused would have been guilty in the absence of an intent to kill, but because there was on exception to the omission of such instruction Merka's case was .affirmed. In the case now before us a specific objection was presented calling the court's attention to such omission. We do not think an extended discussion of the question necessary. It has been considered in many cases. We cite Merka v. State (supra); Beaupre v. State, 70 Texas Crim. Rep., 19, 156 S. W. 625; Hill v. State, 11 Texas Ct. App., 470; Boyd v. State, —— Texas Crim. Rep., ——, 120 S. W. 230; Hoover v. State 87 Texas Crim. Rep., 372, 222 S. W. 244; Mason v. State, —— Texas Crim. Rep., ——, 255 S. W. 986; Twyman v. State, 96 Texas Crim. Rep., 439, —— S. W. ——.

Another objection to the court's charge is that "said charge fails to submit to the jury the issue of self-defense based on communicated threats raised by the testimony in the case." The court recognized that this issue had been raised by the evidence and attempted to charge thereon. After a correct abstract statement of the law justifying an accused under circumstances where threats have been communicated to him, the court applied the law as follows:

"And so, in this case if you find from the evidence that Jim Hines had, before the difficulty, made threats against the life of the defendant or of serious bodily injury against his person, and at the time of or immediately before the difficulty, if any, the said Jim Hines did some act which reasonably indicated to the mind of the defendant, under all the facts and circumstances in evidence in the case and viewed from the defendant's standpoint alone, that the said Jim Hines was about to draw a pistol, and was about to shoot and thereby kill him, the said Arvey Neal, or inflict upon him the said Arvey Neal, serious bodily injury, then you will consider said threats along with the other evidence in the case, bearing on the issue of self-defense as hereinafter submitted to you in this charge."

It will be seen that by this charge he restricted the jury in consideration of threats to the general issue of self-defense which he later submits as follows:

"Now if you believe from the evidence that at the time the defendant, Arvey Neal, struck said Jim Hines, if you find that he did strike him, that the said Jim Hines had prior thereto threatened to take the life of defendant, or had threatened to inflict serious bodily injury upon his person, and that at the time of said assault, if any, the said

Jim Hines was about to draw a pistol and shoot and thereby kill him or attempting to shoot the defendant, or that the conduct and actions of the said Jim Hines reasonably indicated to defendant that the said Jimes Hines was about to draw a pistol and shoot and thereby kill him the said defendant, or inflict upon him serious bodily injury, and that acting upon such danger or appearance of danger he, the said Arvey Neal struck said Jim Hines in order to protect his life or in order to protect himself from serious bodily injury, then in such case said striking would be justifiable, and if you so find the facts to be or if you have a reasonable doubt thereof, you will find the defendant not guilty."

Nowhere in the charge does the court specifically apply the law of communicated threats, and tell the jury that if at the time of the killing by some act then done by deceased it reasonably appeared to appellant as viewed from his standpoint that deceased manifested an intention to execute the threats his right of self-defense would be complete; but required the jury to believe that if threats had been communicated to appellant and that deceased at the time of the killing was attempting to draw a pistol or make an attempt to shoot appellant or it reasonably so appeared to him, that then his right of self defense would arise. If deceased was attempting to draw a pistol, or it reasonably appeared to appellant that deceased was about to draw a pistol and shoot appellant, his right of self-defense would be complete independent of any threats, and the law relative to threats and that upon self-defense generally should not have been confused and intermingled as it was. For a discussion of the question, see Swain v. State,, —— Texas Crim. Rep., ——, 86 S. W. 335; Graves v. State, —— Texas Crim. Rep., ——, 124 S. W. 676; Sebastian v. State, ——Texas Crim. Rep., ——, 57 S. W. 820; Bayer v. State, 96 Texas Crim. Rep., 310, —— S. W., ——.

Other points than those discussed are raised in the record, some of which relate to the manner of selecting the jury. These matters have not been overlooked, but we pretermit a discussion of them as they may not arise upon another trial.

For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*