## DAFFAN v. STATE. (No. 12219.)

Court of Criminal Appeals of Texas.
Nov. 28, 1928.

Rehearing Denied Nov. 6, 1929.

Don A. Bliss, of San Antonio, and Cofer & Cofer, of Austin, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for simple assault; punishment, a fine of $25.

This prosecution was upon affidavit and information alleging an aggravated assault by the use of some heavy object, the name of which was unknown, and a better description of which the maker of the affidavit could not give or obtain by the use of reasonable diligence; said object being a deadly weapon in the manner of its use.

That a homicide or lesser grade of assault may be charged sufficiently by indictment or information which alleges that the means or instrument used was unknown to the grand jury or to the maker of the affidavit or information, and a better description of which means could not be obtained or given by the use of reasonable diligence, is settled. Mason v. State, 74 Tex. Cr. R. 256, 168 S. W. 115, Ann. Cas. 1917D, 1094. Such allegation merely puts upon the state the burden of meeting same by proof, but in no wise enables the accused to assert a right to acquittal upon proof that he knew and can testify to a named means or weapon used by him in committing such offense.

The state in this case met such burden by proving that the weapon or means used by the appellant was unknown to Mr. Shipp, the injured party. He swore that appellant came up behind him on the occasion in question in the nighttime and struck him a blow on the head with something hard, but

he could not tell what it was, and knocked him down. He further said that he bled from the wound on his head. Other witnesses saw appellant strike, but none of them could tell what he struck with. These witnesses also saw the blood on the shoulders of Mr. Shipp. Appellant himself swore that he struck Shipp with his fist and had no other weapon.

Appellant asked that the jury be told that if he only assaulted Shipp with his fist, they should acquit him. This was properly refused. The trial court instead told the jury that if under the facts of this case they believed appellant struck Shipp only with his fist, they should acquit him of aggravated assault. As supporting his contention that he was entitled to the charge referred to, appellant cites Hext v. State, 48 Tex. Cr. R. 576, 90 S. W. 43, Jones v. State (Tex. Cr. App.) 62 S. W. 758, and other cases, which support the well-settled rule that the allegation of an assault committed by the use of a specific weapon or means stated will not be met or supported by proof of the use of an entirely different weapon or means. Such cases have no application here. The allegation here was that the state did not know the means, and, as stated above, this was proven to be true. The fact that appellant knew the means, or that he stated same, raised no question of variance between the allegation and the proof.

■■ The use of unlawful violence by one person upon another with intent to injure is an assault and battery, and such assault may become aggravated by the use of some one or more of the means laid down in our statute. In this case there seems no dispute of the fact that appellant used unlawful violence upon Shipp on the occasion in question. The state undertook by its pleadings, and to follow same by proof as far as it could, to show that such assault became aggravated by the use of a deadly weapon whose name and description were unknown to the pleader. There was no failure on the part of the state to prove that the weapon or means was unknown, but there was a failure to prove that the weapon or means so unknown to the state was a deadly weapon. So failing, the jury properly found appellant guilty of simple assault and battery.

No error appearing, the judgment will be affirmed.

### On Motion for Rehearing.

HAWKINS, J. ■ We have again examined the record in the light of appellant's motion for rehearing. It is urged in the motion that the trial court committed error in refusing to instruct the jury that if they found that the assault was made with appellant's fist they should acquit him. It is unnecessary for us to further consider whether appellant was entitled to this instruction. In our original consideration of the case, we overlooked the fact that the record fails to disclose that appellant filed any written objections to the charge of the court. We find in the record a requested charge, which appears to have been given, wherein the jury were advised that if they believed from the evidence that appellant made an assault and committed a battery upon the injured party merely with his fist, he should be acquitted of an aggravated assault. In the only bill of exception found in the record it is recited that appellant requested the court to instruct the jury that if they believed from the evidence that appellant made the assault merely with his fist to find a verdict of not guilty. The bill recites that the court refused to so instruct the jury, but modified the instruction by advising the jury that they would acquit appellant of an aggravated assault in the event of such finding. The bill then recites that appellant "then and there excepted to the action of the court in refusing to give said special instruction in the form requested by him and excepted to the modification thereof made by the court." When the court modified the requested charge and gave it in the modified form, it became the court's charge, and if appellant was displeased with it, he should have filed written objections to the charge if he desired to preserve the point. His failure to file written objections to the charge as given precludes consideration of the refusal of the special charge requested, which was antagonistic to the instructions given. See Simpson v. State, 87 Tex. Cr. R. 277, 220 S. W. 777, and Glenn Jones v. State (No. 12150, opinion October 30, 1929) 20 S.W. (2d) 1067. The action taken was not equivalent to filing written objections to the charge.

The motion for rehearing is overruled.