## A. O. YANCY v. THE STATE.

No. 13478. Delivered June 18, 1930.
Reported in 29 S. W. (2d) 782.

The opinion states the case.

*Williams & Bell,* of Childress, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for five years.

Several days prior to the homicide, deceased, George Barnes, had assaulted appellant with his fists, knocked him to the ground and kicked him in the face. Several of appellant's witnesses testified that deceased had threatened to inflict serious bodily injury upon appellant. The state's testimony was to the effect that the parties thereafter renewed their quarrel and that appellant shot deceased several times with a pistol. It appears that deceased was not armed at the time he was killed, except that he had a soda water bottle in his hand. The homicide occurred at night near the automobile of appellant, appellant firing several shots from his car. According to appellant's testimony, deceased cursed him and attempted to pull him from his automobile. He said that deceased attacked him with a weapon which he thought was a pistol, and that believing his life was in danger, he fired upon deceased.

Appellant testified that he went immediately to his home after firing upon deceased and that, within fifteen minutes after the fatal difficulty, he told his wife that he had killed deceased because deceased was attacking him with what he thought was a pistol. When the case was called for trial, appellant filed his first application for a continuance wherein he announced that he was not ready for trial because of the absence of his wife, who was too ill to be in attendance upon court. It appears from the application and the subpoena attached thereto that appellant's wife had been duly summoned to appear and testify in his behalf. Touching the materiality of the testimony of the absent witness, it was averred she would testify, if present, that appellant came to their home on the night of the homicide in a highly nervous and excited condition and voluntarily stated to her that he had to shoot deceased to protect his life because deceased was drawing what he took to be a pistol. It was shown in the application that this statement was made within fifteen or twenty minutes after appellant shot deceased. The court overruled the application for a continuance. The motion for a new trial was predicated in part upon the action of the court in refusing to continue the case, and appended thereto was the affidavit of the absent witness showing that she would testify to the facts averred in the application. Other than the testimony of witnesses touching the prior assault made by deceased upon appellant, and threats to inflict serious bodily injury upon him, appellant had to rely solely upon his testimony to establish his defense. Appellant, deceased and the sheriff were the only ones present when the difficulty began. The sheriff, who testified as a witness for the state, corroborated appellant's

statement that deceased was the aggressor in the beginning of the difficulty. The sheriff had stepped away from the automobile of appellant before the fatal shooting. He could not see the movements of deceased at the time appellant shot him. He heard no word pass between them at the time. Appellant was the only witness who could testify as to what actually occurred between him and deceased at the time he fired upon deceaesd. The statement made by appellant to his wife within fifteen or twenty minutes.after the homicide appears to have been res gestae. Petitte v. State, 21 S. W. (2d) 522. It is obvious that the absent testimony was material. The opinion is expressed that a new trial should have been granted.

State's witness Compton was absent when the case was called for trial. It appears that he had given testimony in this case on a former trial. The district attorney attempted to lay a predicate for reproducing the testimony of the witness. A letter received by a witness from the wife of Compton from California was introduced over proper objection by appellant. This letter was not shown to have been signed by the absent witness. There was nothing to indicate that he had authorized the writing of the letter. Other than the statements contained in the letter there was nothing to show that the witness was living out of this state at the time of the trial. It is true that the state showed that the witness had sold some property and household effects before leaving the town of his residence, but the witness who testified to such fact stated that Compton had not told her where he was going. Under these facts, we think the learned trial judge was in error in permitting the state to reproduce the testimony of the absent witness. Scruggs v. State, 35 Tex. Cr. R. 622.

Some of appellant's witnesses testified to uncommunicated threats deceased had made against appellant. The court advised the jury in the charge that such proof might be considered only as determining who commenced the difficulty. Appellant timely and properly excepted to the charge on the ground that it unduly limited the consideration of uncommunicated threats. It was not necessary to charge of uncommunicated threats. Dunne v. State, 263 S. W. 608. However, in undertaking to charge upon the subject, the court unduly restricted the purposes for which such proof might be considered. Not only was it proper for the jury to consider such proof for the purpose indicated in the charge, but also for other purposes. For example, the state of mind of deceased might be illus-

trated by such proof, and it might tend to corroborate testimony of communicated threats.   Lowe v. State, 12 S. W. (2d) 221.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.