HAWKINS, J., absent.

### HAWKINS v. STATE.
No. 13617.

Court of Criminal Appeals of Texas.
Oct. 29, 1930.

E. A. Watson, of Crosbyton, and R. H. Templeton, of Wellington, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

### MARTIN, J.

Offense, murder; penalty, fifty years in the penitentiary.

Deceased was the father-in-law of appellant. Appellant was thirty-three years old and the deceased seventy-eight at the time of the tragedy. The two quarreled over a dog fight. Deceased had come to the home of appellant the day of the tragedy carrying an "eye hoe," which was shown to weigh some six or eight pounds with a handle about four feet long. Upon his arrival he demanded that two bulldogs that had been fighting be separated. A quarrel ensued. Appellant told deceased to go home, and the substance of his reply was "to make me." Appellant went into his house, deceased following as far as the porch. Appellant reappeared with a shotgun. He claims that the deceased was about to strike him with the hoe and he shot in self-defense.

The state made an issue of and introduced evidence to show the disparity in strength between appellant and deceased. The court in paragraph 12, distinct from other parts of his charge, instructed the jury: "You are instructed that in arriving at your verdict you may consider the relative disproportion in strength of the deceased and the defendant, if any, as bearing upon the defendants acts and conduct at the time of the killing."

 Appellant excepted to this. Where self-defense is an issue and as a part of the instruction calling the jury's attention to the fact that the situation must be judged from the standpoint of defendant, references are properly made to the relative size and strength of the parties, where, under particular circumstances, the issue is made that the accused was being attacked by a stronger man. So far as we are aware, there is no authority or warrant in law for singling out damaging testimony against the defendant and directing its consideration by the jury. Such practice has been condemned in a multitude of cases. See Vernon's Tex. C. C. P. art. 658, notes 127 and 128, for collation of authorities; Brown v. State, 57 Tex. Cr. R. 570, 124 S. W. 101; Dunne v. State, 98 Tex. Cr. R. 7, 263 S. W. 608. If the court is authorized to specifically mention the disparity in strength of defendant and deceased, where same is against appellant, he might also specifically mention flight or any other prejudicial circumstance in the case, and thus unduly emphasize same. The effect of such a charge might be to convey to the jury the idea that the court believed the testimony therein mentioned tended to prove the guilt of the accused. It was, of course, a proper subject of proof, but to particularly point it out in the court's instructions constitutes a charge upon the weight of the evidence and unduly emphasizes prejudicial facts.

 The argument is made that the court's failure to charge article 1223, P. C., on presumption from the use of a deadly weapon by deceased, was error. What is now article 1223 of the Penal Code has long been a part of our statutory law, and, where the evidence presents the issue, it has been uniformly held throughout the history of this court that such article must be given in charge to the jury. For full collation of authorities, see notes in Vernon's Tex. P. C. art. 1223. For later cases see Forrester v. State, 109 Tex. Cr. R. 361, 4 S.W.(2d) 966; Jernigan v. State, 112 Tex. Cr. R. 536, 17 S. W.(2d) 830; Holland v. State, 112 Tex. Cr. R. 164, 15 S.W.(2d) 626; Lowe v. State, 111 Tex. Cr. R. 137, 12 S.W.(2d) 221. Appellant's exception directed at the court's failure to charge this particular article seems to assume that the hoe alleged to have been used by deceased was a deadly weapon per se. Such is not the law. See Branch's P. C. § 1587; Skidmore v. State, 43 Tex. 93; Pierce v. State, 21 Tex. App. 547, 1 S. W. 463; Peacock v. State, 52 Tex. Cr. R. 435, 107 S. W. 346; Fisher v. State, 68 Tex. Cr. R. 297, 151 S. W. 544; Wilson v. State, 15 Tex. App. 155; Boyd v. State, 28 Tex. App. 137, 12 S. W. 737. The proof was sufficient to raise the issue that from the manner of its use the hoe was calculated or likely to produce death or serious bodily injury, but it could not be assumed as a matter of law that such was the case. Both the necessity for such a charge

and the form of same where the weapon used by deceased was not per se deadly was discussed in the case of Mason v. State, 88 Tex. Cr. R. 648, 228 S. W. 952, which will be a sufficient guide for the court on another trial.

Appellant further complains because the court failed to charge on provoking the difficulty by deceased. The appellant and not the deceased was on trial. Such a charge may be given only as to the accused on trial.

Because of the errors discussed, the judgment is reversed, and cause remanded.

### PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

HAWKINS, J., absent.