VIVIAN PINKSTON V. THE STATE.

No. 16521.   Delivered March 7, 1934.
Reported in 69 S. W. (2d) 60.

The opinion states the case.

*Morriss & Morriss,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for three years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Joe Smith by beating and striking him with a piece of timber.

Deceased was killed near his camp at a time when he, appellant, and the others present were drinking intoxicating liquor.   The state's testimony was to the effect that appellant and others had gone to deceased's camp with some intoxicating liquor; that after the parties had been drinking for some time appellant and one of his companions attempted to carry one of the women who was staying at the camp to their car; that deceased interfered and appellant struck him on the head with a piece of timber, knocking him to the ground; that at the time appellant struck deceased, deceased was crawling through the fence.

Appellant testified that as he was preparing to leave the camp one of the women expressed the desire to go with him and his companions, and followed them to the car; that he told her she could not go; that as they started to the car deceased ran toward them saying that he was going to cut their "guts" out; that deceased first lunged toward Haymon Everett, who got out of his way; that he then started toward him (appellant) and Everett hollered to him that deceased had a knife; that he (appellant) stumbled upon a piece of timber and

reached down and picked it up and as deceased approached him with the knife he struck him one blow with the timber; that as he approached him deceased said, "I am going to cut your guts out"; that he saw the knife in deceased's hand and struck him to keep him from killing him; that when he struck deceased the knife flew out of his hand and he (appellant) reached down and picked it up and threw it under the fence; that "it was a long bladed knife." Appellant was corroborated by the testimony of Haymon Everett and others as to the attack being made upon him by deceased with the knife. There was testimony to the effect that it was a hunting knife with a long blade which was used to skin large animals with. The officers found a knife near the camp of deceased by some mesquite trees, which knife was introduced in evidence. Appellant testified he thought it was the knife that deceased was attacking him with. He said: "It had a long blade. You can skin big animals with it." The record shows that the knife introduced in evidence was a hunting knife.

Appellant timely and properly objected to the charge of the court on the ground that there was entire omission of any instruction upon the presumption from the use of a deadly weapon by the deceased. The court should have responded to the exception. Appellant was entitled to an instruction, in substance, that if deceased was armed with a knife and was advancing upon the defendant, and the jury believed the knife was an instrument calculated or likely to produce death or serious bodily injury, in the manner in which it was being used, that then the law presumed that deceased intended to kill the defendant. Mason v. State, 228 S. W., 952. Article 1223, P. C., provides: "When the homicide takes place to prevent murder, maiming, disfiguring or castration, if the weapon or means used by the party attempting or committing such murder, maiming, disfiguring, or castration are such as would have been calculated to produce that result, it is to be presumed that the person so using them designed to inflict the injury."

Manifestly, appellant's testimony raised the issue of an attack with a weapon of the nature described in this statute. Strickel v. State, 33 S. W. (2d) 451; Hawkins v. State, 32 S. W. (2d) 202.

Without setting out in detail the exception embraced in paragraph 14 of appellant's objections to the charge, it is observed under the facts reflected by the record, the charge should have been amended in response to said exception.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.