JOHN HIX v. THE STATE.

No. 3450.   Decided May 8, 1907.

1.—Assault With Intent to Murder—Aggravated Assault—Threats—Serious Bodily Injury.

Where upon trial for an assault to murder, where the injured party had threatened to whip hell out of defendant, it was error in the court's charge to

limit the threats to those made for the purpose of inflicting death or serious bodily injury. The right of self-defense is given in all cases where the accused relies upon an assault to justify or even extenuate the punishment.

**2.—Same—Law of Retreat—Charge of Court.**

Where upon trial for assault to murder resulting in a conviction for aggravated assault, there was evidence that the injured party brought on the attack and made the first assault, while defendant was seeking an explanation from him, the latter was not required to retreat. although the attack did not involve life or serious bodily injury, and the court should have so charged the jury.

Appeal from the District Court of Johnson. Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of aggravated assault; penalty, a fine of $225 and confinement in the county jail for twenty days.

The opinion states the case.

*Poindexter & Paddleford,* for appellant.—On question of court's charge: Goodman v. State, 91 S. W. Rep., 796; Craiger v. State, 88 S. W. Rep., 209. On question of defendant's right on explanation: Mundine v. State, 37 Texas Crim. Rep., 5; Shannon v. State, 35 Texas Crim. Rep., 2; Sprinkle v. State, 91 S. W. Rep., 787.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of aggravated assault, his punishment being assessed at $225 fine, and confinement in the county jail for thirty days.

The indictment was preferred by the grand jury charging appellant with assault to murder. Several exceptions were reserved to the charge. Some of these were eliminated by reason of the acquittal of assault to murder. Some of the remaining alleged errors are necessary to be noticed.

Threats were proved by the defendant as having been made by his adversary, to one party, to the effect that if appellant did not pay him $2.50 he would whip appellant, and to another, he "would whip hell out of him." The court limited the charge in regard to threats to those made for the purpose of inflicting death or serious bodily injury. This was error. There were no threats introduced in evidence as having been made by the assaulted party to the effect that he intended to kill or inflict serious bodily injury upon appellant, unless it could be found in the expression that he would "whip hell out of him." As to how serious a result would have happened to appellant if the assaulted party whipped hell out of him can only be conjectured from the use of the language; what effect whipping hell out of appellant would have had upon him personally as to his physical condition is not shown, but we hardly think that it was of such nature as would have produced death or serious bodily injury. A party would have as much right to defend himself in a misdemeanor case against threats of personal violence not amounting to death or serious bodily injury as he

would in the more serious charge of homicide, as against threats to take life or do serious bodily injury. The right of self-defense is given in all cases where the accused relies upon an assault to justify or even extenuate the punishment. Threats relate to self-defense. A charge on threats was not given with reference to aggravated or simple assault. Upon another trial we are of opinion the court should charge the law of retreat. If appellant approached his adversary in a friendly way, or for the purpose of inquiring into the reasons why he was talking about him in the country, and did nothing further, and his adversary made an assault upon him, his right of self-defense would not be forfeited, or in any manner compromised, and if while so talking with his adversary, his adversary brought on the attack and made the first assault, then the accused would have a right to defend provided he used no more force than was necessary to protect his person from the assault so made, and he would have as much right to stand his ground, without being required to retreat, in that character of case, as if it was a charge of more serious import involving life or serious bodily injury.

For the errors discussed, the judgment is reversed and the cause remanded.       *Reversed and remanded.*