## MINNIE McCLARY v. THE STATE.

### No. 3058. Decided April 1, 1914.

**1.—Arson—Circumstantial Evidence—Sufficiency of Evidence.**

Where, upon trial of arson, the evidence, although circumstantial, sustained the conviction, there was no reversible error.

**2.—Same—Argument of Counsel.**

Where, upon trial of arson, the State's counsel used argument which was not based on the evidence in the record, the same was improper, although it might not present reversible error, but prosecuting counsel are again admonished to remain within the record.

**3.—Same—Evidence—Irrelevant Testimony.**

Where, upon trial of arson, the court admitted testimony that defendant and another were criminally intimate some months before the alleged offense which in no way tended to show that she was guilty of arson, the same was reversible error.

**4.—Same—Evidence—Circumstance.**

Upon trial of arson, where it was not shown that the dress defendant wore after the fire was included in her loss statement, the same should not have been admitted in evidence.

. **5.—Same—Evidence—Documentary Evidence.**

While certain documentary evidence was admissible upon trial for arson, when properly proven up, but it was not properly connected up, and the same was inadmissible.

**6.—Same—Newly Discovered Evidence.**

Where the cause is reversed and remanded upon other grounds, the alleged newly-discovered evidence need not be discussd.

Appeal from the Criminal District Court of Dallas.   Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of arson; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was convicted of arson, and her punishment assessed at five years confinement in the State penitentiary.

The appellant earnestly insists that the evidence will not support the conviction. We have read the record carefully, and while the State's case depends wholly upon circumstantial evidence, yet we would not feel authorized to disturb the verdict on this ground of the motion.

However, in a bill of exceptions it is shown that the assistant county attorney in his closing argument said: "The fire records of the City of Dallas show that there is an average of ninety-two fires a month, and that ninety per cent of this number are illegal burnings, seventy-five per cent of that number are burned by the hands of women, and the only way to prevent it or stop it is to convict this woman. The question is, have you the nerve to do it?" Attached to the bill is a statement of Mr. Curtis, who made the argument, and he says: "While I can not state that I used the exact language set out in the bill, nor do I now remember just what language I did use, I said something about the number of fires in Dallas, and the great majority were set by women, when Ellis P. House, attorney for the defendant, excepted to such remarks. *There was no testimony to support such remarks,* and the court having returned to the bench, I said, 'Your Honor, I have gone out of the record and I am sorry of it and will not do it again—I beg counsel's pardon.' The court said, 'Go ahead with your argument.' " The court shows he was temporarily off the bench, but when the controversy arose he resumed his place, when the assistant county attorney made the apology as stated by him. Would this apology remove the evil of such inflammatory remarks? As said by the assistant county attorney, there was no basis for such remarks in the testimony. There was no evidence as to the number of fires occurring in Dallas; no evidence as to the proportion that was illegal, and no evidence as to the per cent of illegal fires set by women. But if all this were true, this would be no reason why this de-

fendant should be convicted, unless she was guilty of arson herself. Taking the apology into consideration, this alone might not present reversible error, as the record is presented to us, but we do hope that prosecuting officers will cease injecting new testimony into the case in their argument, and will discuss the evidence adduced and the legitimate deductions flowing therefrom. We know how, in the heat of debate, one is prone to forget himself, and we have looked with some leniency on such matters, where one is promptly stopped upon objections being made and the jury is instructed not to consider it, but in this instance no such instructions were given orally or otherwise, the court perhaps thinking the apology of the county attorney sufficient.

In another bill it is shown that Mrs. Slaughter testified: "I have known of Mrs. McClary for about two years. I roomed with her about a month or five weeks. I moved there about the last of February, and I think I moved away somewhere about the first of April, I think, the best I can remember. I was not there during the fire,—I moved away about the first of April. They had a fire, I believe in July. I roomed upstairs too. I had my two daughters there. I was a widow, but am not now. Mr. Mills' room was right next to mine, upstairs. I guess they roomed together, I just suppose—I know they did. I saw them together. I heard her go to his room at night. I don't know a thing on earth about the fire. That's all I know about the case." It is true that Mr. Mills was also indicted, charged with this offense, and the court submits the law of principals—that all persons present, who participate in the offense would be guilty, and the record would suggest that if one was guilty of the offense, perhaps the other was also guilty, as it is shown they left the house a short time before the fire, yet we do not understand that if they were guilty of a criminal liaison in March prior to the fire, this would tend to show that Mrs. McClary was guilty of arson in July. She may be an immoral woman, as Mrs. Slaughter's testimony would suggest, but this would not be an admissible circumstance to show she was guilty of arson when she did not testify in the case.

In another bill it is shown that Mrs. Wright testified to seeing Mrs. McClary with a certain messaline dress on, that she made since the fire. Appellant objected to this testimony on the ground that there was no testimony that Mrs. McClary had testified in her examination by the insurance adjuster that this dress was burned, or that she rendered it in her claim for damages made to the insurance company. The record is not very clear on this issue, and on another trial if it is not shown that this was one of the dresses which she included in her loss statement, this part of Mrs. Wright's testimony should not be admitted.

In another bill it is shown that when the prosecuting attorney offered certain documentary evidence—proof of loss, and testimony adduced thereon by the adjuster, etc.—the defendant's attorney objected thereto on various grounds. The court said, "You have got to establish that better than this," when the prosecuting officer said, "I will establish it

by Mr. Mills," and on this promise the court admitted the testimony, yet the record discloses Mr. Mills was not called as a witness, nor anyone else to prove these facts. This documentary evidence is all admissible if properly proven up, and we will comment no further as on another trial doubtless, this proof will be made.

There are other matters complained of in the record, especially alleging newly discovered testimony, but we do not deem it necessary to discuss it, for it will not be newly discovered on another trial. On account of the above matters, the judgment is reversed and the cause remanded.

*Reversed and remanded.*