J. H. BRITTON v. THE STATE.

No. 7604.　Decided April 11, 1923.

Rehearing granted June 27, 1923.

1.—Aggravated Assault—Evidence—Misdemeanor—Suspended Sentence.

Inasmuch as the conviction was of a misdemeanor it is not worth while to discuss the admissibility of the testimony whether the defendant had had any previous trouble. in its relation to a suspended sentence.

2.—Same—Provoking Difficulty—Charge of Court.

Where, upon trial of aggravated assault, the evidence raised the issue of provoking the difficulty, the court properly charged on this phase of the evidence.

3.—Same—Charge of Court—Self-Defense—Aggravated Assault.

It has been uniformly held that one charged with any grade of assault may rely for justification upon self-defense against an unlawful attack, even though such attack does not amount to an effort to inflict death or serious bodily injury, and where the court did not observe this rule in submitting the law with reference to aggravated assault, judgment must be reversed and the cause remanded.

Appeal from the Criminal District Court of Tarrant.　Tried below before the Honorable George E. Hosey.

Appeal from a conviction of aggravated assault; penalty, a fine of $250.00.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

95 T. C.—14

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Tarrant county of aggravated assault, and his punishment fixed at a fine of $250.

Appellant was indicted for an assault with intent to commit murder, and upon trial the court submitted the issue of aggravated assault and by the verdict of the jury he was found guilty of the lesser offense. He and prosecuting witness Clark were next door neighbors and between them had arisen an unfortunate feeling which seems to have been founded on the acts of their respective children. The men had a wordy altercation several months prior to the difficulty which formed the basis of the instant prosecution, and personally had nothing afterward to do with each other until the day of this occurrence. Their wives and children, however, seem to have had other trouble. The wife of Mr. Clark testified to a passage of rather warm words on the morning of this difficulty and while her husband was absent. About 8:30 or 9 o'clock Mr. Clark came to his home and while in his yard was accosted by appellant, and after an exchange of intemperate words, according to the State witnesses, appellant drew a pistol and presented it accompanied by a threat of its use, upon which Mr. Clark proceeded to pick up a brickbat or two and appellant shot. Clark threw his brickbats and struck appellant in the head. Appellant shot again striking Clark in the leg. Both men were carried to the hospital.

The transcript contains two bills of exception, the first complaining of the refusal of the learned trial judge to permit appellant to testify as to whether he had ever had any trouble before this and as to whether he had even been arrested previous to this. Inasmuch as the conviction was of a misdemeanor it is not thought worth while to discuss the admissibility of this testimony in its relation to a suspended sentence. In view of the verdict the testimony appears wholly immaterial.

Appellant also has an exception to the action of the trial court in submitting the question of provoking the difficulty. Prosecuting witness testified that he had three little boys and that after indulging in some acrimonious reflections in the conversation preceding the assault, appellant informed him that he had observed said little boys in a garage with a little girl with their pants down and endeavoring to have intercourse with her. Prosecuting witness said that he fixed his eyes upon appellant when this information was vouchsafed, and thereupon appellant remarked, "I guess you think I am a liar," and that he, prosecuting witness, remarked that he thought he was a damn liar. Appellant was armed with a pistol, and, according to State witnesses, immediately proceeded to draw said pistol and threaten to shoot prosecuting witness. There seems no sort of question of the fact that appellant sought an interview with prosecuting witness and engaged in a conversation which led

up to the difficulty. The rule seems to be well settled that when the accused intending to bring on a difficulty uses abusive or insulting language to the prosecuting witness, or the deceased, in a homicide case, or indulges in words or conduct calculated to bring on a difficulty, and an assault upon the accused takes place, the question as to whether the language and conduct of the accused brought on or caused the assault is one for the jury, and it is not improper to submit in the charge the issue of provoking the difficulty.

The evidence of appellant and his wife and some others was favorable to the conclusion of innocence; that of the prosecuting witness, his wife and other witnesses to the conclusion of guilt. The matter has been settled by the verdict of the jury, and believing no error appears in the record, and that we are without authority to conclude the verdict not supported by the testimony, the judgment of the trial court will be affirmed.

*Affirmed.*

### ON REHEARING.

### June 27, 1923.

LATTIMORE, JUDGE.—The learned trial judge in charging on self-defense in this case told the jury that a homicide was permitted by law when inflicted for the purpose of preventing the offense of murder or the infliction of serious bodily injury, and that if they found that appellant assaulted Clark, the injured party, but that the latter had made an attack upon appellant which from the manner and character of it caused him to have a reasonable fear or expectation of death or serious bodily injury, and that acting under such expectation or fear he assaulted Clark, he should be acquitted. This was the only charge on self-defense. Exception was reserved to this charge upon the ground that the evidence raised the issue of aggravated assault by appellant, and that such issue was submitted in the charge, but the jury were not instructed as to appellant's right to defend against an attack on the part of Clark not of sufficient gravity to evidence a purpose to kill or seriously injure appellant. In some way this exception of appellant escaped our attention on original consideration of the case. Appellant was charged with assault to murder and on his trial testified that just before he shot at Clark, the latter threw two bricks at him, one of which struck him and caused pain and blood-shed. This court seems to have uniformly held that one charged with any grade of assault may rely for justification upon self-defense against an unlawful attack, even though such attack does not amount to an effort to inflict death or serious bodily injury. Hix v. State, 51 Texas Crim. Rep. 432; Smith v. State, 61 Texas Crim. Rep., 349; Little v. State, 61 Texas Crim. Rep. 197; Collins v. State, 47 Texas Crim. Rep., 115; Sprinkle

v. State, 49 Texas Crim. Rep. 224; McLendon v. State, 66 S. W. Rep. 553; Crawford v. State, 70 S. W. Rep. 548; Price v. State, 46 Texas Crim. Rep. 80. From these authorities we have concluded that the learned trial judge was in error in the matter of his charge so excepted to and that this court erred in not sustaining appellant's contention.

The motion for rehearing is granted, the affirmance is set aside, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*