BEN SCHUTZ v. THE STATE.

No. 7475. Decided January 9, 1924.

**1.—Assault to Murder—Aggravated Assault—Charge of Court—Self-Defense.**

Where, upon trial of assault to murder and a conviction of aggravated assault, the testimony raised the issue of self-defense and defense of another, and the charge of the Court on the right of self-defense and the defense of another was incomplete and over-restrictive in that it limited the exercise of such right in repelling an assault threatening death or serious bodily injury, the same was reversible error.

**2.—Same—Self-Defense—Rule Stated—Charge of Court.**

The right of self-defense applies to any unlawful attack. The nature of the assault against which the defense is made and the means used, as well as the character of the resistance made, are matters to be considered by the jury in determining the grade of the offense and the extent of the punishment.

Appeal from the District Court of Bastrop.   Tried below before the Honorable R. J. Alexander.

Appeal from a conviction of aggravated assault; penalty, a fine of five hundred dollars and twelve months confinement in the County Jail.

The opinion states the case.

*J. H. Powell* and *Page & Jones,* for appellant. On question of charge of Court and the refusal of requested charges McLendon v. State, 66 S. W. Rep., 554; Crawford v. State, 70 id., 548; Rea v. State, 80 id., 1003; Price v. State, 79 id., 540; Hicks v. State, 102 id., 505; Sprinkle v. State, 91 id., 787.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Upon an indictment charging assault with intent to murder, the appellant was convicted of aggravated assault; punishment fixed at confinement in the county jail for a period of twelve months and a fine in the sum of five hundred dollars.

The indictment contains four counts.   The first charges an assault upon Martin Belto with the intent to murder him; the second, a like assault upon Thurman Taylor; the third, an assault with intent to murder both Taylor and Belto; and the fourth, an assault to murder Taylor and the stabbing of Belto by accident or mistake.   After the conclusion of the evidence, the court instructed the jury to ignore the second and third counts and left for their consideration the first and fourth counts.

It seems that Belto, Taylor, the appellant and his brother, Arthur Schutz, were present at a dance; that a quarrel took place, which was followed by an encounter in which Martin Belto received several knife wounds, some of which were of a serious nature.   There is evidence that both Arthur Schutz and the appellant took part; that the quarrel was with Taylor, at least, in its inception.   Touching just what occurred during the affray, the evidence is somewhat contradictory and confusing, but is sufficient to show that both Arthur Schutz and the appellant inflicted knife wounds upon Belto.   There is also evidence that before any blows were struck, either by the appellant or his brother, Arthur Schutz, Taylor, while engaged in the wordy altercation preceding the affray, made exclamations to Arthur Schutz, threatening to cut him and accompanied such threats by a demonstration as if he was going to draw something from his pocket; that the appellant rushed in and pushed certain people away, struck Taylor with his fist, and also followed him as he ran out of the room.

There was evidence of a conversation to the effect that Belto was in possession of a knife belonging to Arthur Schutz or claimed by

him. The evidence also suggests that Belto interposed in the conflict between Arthur Schutz and Taylor. No evidence that either Taylor or Belto was armed has been discerned.

The court instructed the jury to the effect that if appellant individually, using a deadly weapon, cut Belto with the specific intent to kill him, his offense would be an assault to murder; also to the effect that if he, acting alone or as principal with Arthur Schutz, while making an assault upon Thurman Taylor, with a deadly weapon and with the intent to kill Taylor, he (appellant), by accident or mistake, wounded Belto, the offense would be an assault to murder. In separate paragraphs the jury was instructed that if the assault was made by appellant on Belto intentionally or accidentally while assaulting Taylor and was not made with a deadly weapon and without the intent to kill either Belto or Taylor, the offense would be aggravated assault.

On the issue of self-defense, the instruction given was in substance that if appellant inflicted injury on Belton by mistake or accident while endeavoring to strike Taylor, at a time when Taylor had made a demonstration as if to draw a weapon, or by his acts or words manifested an intention to make an attack on the appellant or Arthur Schutz and inflict death or serious bodily injury on each or either of them, there should be an acquittal.

So far as they went, no substantial reason for objecting to the instructions given is perceived. The jury, however, might have believed that the àcts and words of Taylor were such as to produce in the mind of the appellant the reasonable apprehension of an assault by Taylor on the appellant or his brother, but might not have found that it was Taylors' intent to kill or seriously injure the appellant or his brother, and that there was no reasonable ground to apprehend a deadly assault. In such event, the appellant would have had the right to defend against the threatened assault but might not have been justified in using the weapon used or any weapon. In other words, appellant might have been deemed by the jury right in assaulting Taylor or in encouraging his brother to do so, but wrong in the means used and the extent to which the assault was pursued. Under such conditions, his offense might have been reduced to the grade of simple assault. There appears but little testimony to show what kind of an attack Taylor was about to make. The weapon, if any, for which he was reaching is not described. The testimony that he threatened an attack on Arthur Schutz is definite, but its nature is left in doubt. Under these conditions, the charge on the right of self-defense and the defense of another is incomplete and over-restrictive in that it limits the exercise of such right in repelling an assault threatening death or serious bodily injury.

With uniformity, the decisions of this court affirm that the right of self-defense applies to any unlawful attack. See Britton v. State,

95 Texas Crim. Rep., 209, 253 S. W. Rep., 519, and cases collated. The nature of the assault against which the defense is made and the means used, as well as the character of the resistance made, are matters to be considered by the jury in determining the grade of the offense, if any, and the extent of the punishment.

For the reason stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*