PAT FOREST V. THE STATE.

No. 11040.    Delivered November 23, 1927.

**1.—Murder—Charge of Court—Submitting Plural Counts—Held Proper.**

Where the indictment charging appellant with murder contained numerous counts, setting forth different means used in the killing, and one count setting forth that the means used was unknown to the grand jury, there was no error in the court submitting in his charge the four counts, averring different means employed, as well as the count averring that the. means used were unknown to the grand jury.

**2.—Same — Indictment — Allegation of Unknown Means — Proper to Be Proven.**

Where the indictment charges a homicide by means and with instruments to the grand jury unknown, it is better practice on the trial to prove

this averment, but proof of such averment when all of the facts make it obvious that the weapons or means used could not have been known to the grand jury, further proof is not necessary.    See Harris v. State, 37 Tex. Crim. Rep. 442; Satterwhite v. State, 177 S. W. 960, and other cases cited.

### 3.—Same—Charge of Court—On Manslaughter—Erroneous.

Where appellant, on trial for murder, presented the defensive theory that deceased had assaulted him and inflicted upon him an injury causing pain and bloodshed, this defensive theory should have been affirmatively submitted in the court's charge presenting the law of manslaughter.

### 4.—Same—Charge of Court—On Intent to Kill—Error to Omit.

Where the weapon or means used in the commission of a homicide are not per se deadly, then the intent of the accused to inflict death becomes an issue, and this issue should be submitted to the jury and they should be instructed that they cannot presume that death was designed, unless from the manner used such intention evidently appears, and that unless they believe beyond a reasonable doubt that appellant had the intent to kill the deceased, he could not be convicted of either murder or manslaughter.    See Griffin v. State, 40 Tex. Crim. Rep. 312, and other cases cited.

### 5.—Same—Continued.

However, "If any injury be inflicted in a cruel manner, though with an instrument not likely under ordinary circumstances calculated to produce death, the killing will be manslaughter or murder, according to the facts in the case."    See Art. 1262, P. C., 1925.

### 6.— Same — Charge of Court — On Aggravated Assault — Erroneously Omitted.

Under the facts as presented in this record, the trial court erred in failing to submit the issue of an aggravated assault under Art. 1264, P. C. See Dugan v. State, 199 S. W. 616, and other cases cited.

### 7.—Same—Continued.

In connection with the law of aggravated assault the jury should also have been told that if it reasonably appeared to appellant that the attack by deceased was less than to kill or do serious bodily injury the offense might be reduced to either manslaughter or aggravated assault, but such an attack in no event would justify appellant in slaying deceased.

### 8.—Same—Self-Defense—Rule Stated.

"The attack upon the person of an individual, in order to justify homicide, must be such as produces a reasonable expectation or fear of death, or serious bodily injury."    An attack of lesser character than the above may mitigate or reduce the offense, but will not excuse the slayer.    See Art. 1264, and Dugan v. State, supra, and other cases cited.

### 9.—Same—Charge of Court—On Self-Defense—Too Restrictive.

Where the issue of an aggravated assault as well as of murder is raised, a charge which authorizes an acquittal only if it reasonably appears to the defendant that he was in danger of death or serious bodily injury is correct as to the homicide issue, but is too restrictive on the aggravated assault issue.    See Hix v. State, 51 Tex. Crim. Rep. 431, and other cases cited.

### 10.—Same—Continued.

An analysis of the authorities on this subject makes it plain that while an attack which evidences a purpose less than to kill or do serious bodily

injury, may reduce the offense below the grade of murder, such an attack will not justify the defendant, except when his own act is not of a higher grade than aggravated assault or simple assault, and not then unless he used no more force than was necessary to protect himself. See Hix v. State, supra.

Appeal from the District Court of Kerr County. Tried below before the Hon. L. J. Brucks, Judge.

Appeal from a conviction for murder, penalty life imprisonment in the penitentiary.

The opinion states the case.

*Lee Wallace* of Kerrville; *Dave Watson,* and *Morris & Morris* of San Antonio, for appellant.

*W. C. Baker,* County Attorney of Kerr County, and *A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Offense murder, punishment life imprisonment in the state penitentiary.

The indictment charges appellant with the murder of W. A. Gray, and is in six counts. The charge of the court submitted four of these, authorizing a conviction if the killing was done in either of the four means alleged in the indictment, one of which was "in a way and manner and by the use of instruments and means and weapons which were unknown to the grand jury."

The evidence shows that appellant and deceased played poker together practically all night preceding the homicide and a part of the day of the homicide during which time the deceased was a heavy loser to appellant, losing quite a sum of money, and in addition, his automobile. The body of deceased was found in a public road near a gate leading into the premises occupied by appellant. Only two witnesses saw any part of the trouble, these testifying that they saw appellant stomping or kicking the deceased and dragging him toward the front end of the car, and at the time deceased appeared lifeless. There were the prints of an automobile tire across the body of deceased and various wounds, some six or seven in number, on his head. His skull appeared to be fractured or crushed in two places, his jawbone was broken, some of his teeth knocked out, one eye was entirely gone and the other protruding. Human blood was found on the heel of one of appellant's boots. A knife lay near the body of deceased, which was shown to have belonged to deceased. The state was without direct testimony from eye-witnesses as to the exact means used by appellant in killing deceased. It

was shown that some of the wounds on his head were caused by a blow from some blunt instrument or object; the character of instrument used was an inference to be drawn from circumstances introduced by the state and from these circumstances it was made uncertain as to its exact character. There was a general verdict of guilty returned by the jury.

It is urged that the court was in error in authorizing a conviction upon the count in the indictment charging that the killing was done by the use of instruments and means and weapons which were unknown to the grand jury that returned the indictment for the reason that there was no proof offered in evidence as to whether the instrument and the means and the weapon were known or unknown to the grand jury and no proof in evidence to sustain said charges. The evidence introduced by the state, as already indicated, made it uncertain as to the exact means used by the appellant in killing deceased. In this respect it was a case of circumstantial evidence and any inference drawn rested not upon the testimony of eye-witnesses but upon circumstances from which more than one conclusion was possible as to how deceased was killed. There was nothing in the testimony indicating that the grand jury knew or could have known by the exercise of reasonable diligence the exact instrument used by appellant in killing deceased. This fact is made manifest and certain by the state's evidence. In the absence of an issue having been raised by the evidence, and it affirmatively appearing that it was uncertain as to what instrument inflicted the fatal wound, it was not error for the court to submit this particular count to the jury as it did. Harris v. State, 37 Tex. Crim. Rep. 442; Satterwhite v. State, 177 S. W. 960; Walker v. State, 94 Tex. Crim. Rep. 418. It unquestionably is the safer and better practice for the state to make proof originally of such an averment in the indictment, but we can see no good reason for requiring proof by the state in this case of a fact already made obvious by its evidence. See also Carr v. State, 80 Tex. Crim. Rep. 465. While some of the authorities above cited are perhaps not altogether clear, they are, we think, a sufficient basis for the ruling we make under the peculiar facts of this case.

The court gave a charge upon murder, manslaughter, and self-defense. The testimony of the appellant indicated that the killing was done with a bottle, a weapon used to strike with, and further indicated that he was being attacked by the deceased at the time with a knife. He testified:

"I believed I was in danger of serious bodily injury or death

at his hands at that time. When he had this knife cutting at me it appeared to me that he was trying to kill me or inflict serious bodily injury on me. It was during the time that he was cutting at me that he said he was going to kill me."

He further testified that deceased cursed and abused him and attacked him, striking him on the head, causing severe pain and bloodshed, and that he then attacked the deceased with a large bottle with no intention of killing him. Many objections were urged to the court's charge, some of which unquestionably point out error, and it appears that other and further valid objections could have been made. These will appear in our discussion of the court's charge.

It appears that the weapon, whatever it was, used by appellant was one to strike with and was not per se deadly. The evidence raises the issue of intent to kill by appellant.

The court's charge on manslaughter in applying the law to the facts was as follows:

"Now, if you find from the evidence beyond a reasonable doubt that the defendant, as alleged in the indictment, and on or about the date alleged, did in Bandera County, Texas, in a sudden passion, arising from an adequate cause, and not in defense of himself against an unlawful attack under the law of self-defense hereinafter submitted to you, kill the said W. A. Gray, in either one or more of the modes alleged in the indictment, and submitted to you in paragraph 5 of these instructions, then you will find the defendant guilty of manslaughter, so say in your verdict, and assess his punishment at confinement in the penitentiary for not less than two nor more than five years, as you may determine and state in your verdict."

He further charged the jury:

"An assault and battery upon the deceased by defendant causing pain or bloodshed is in law deemed an adequate cause."

The jury should have been pointedly told that if they believed the deceased made an unlawful assault upon appellant and struck him, causing pain or bloodshed, that this in law was adequate cause, and if in view of such cause or such cause in connection with all the other facts and circumstances of the case, the jury believed appellant's mind was thereby rendered incapable of cool reflection and in such condition he killed deceased, he would be guilty of no higher offense than manslaughter. Ware v. State, 49 Tex. Crim. Rep. 413; Craft v. State, 122 S. W. 547; Smith v. State, 148 S. W. 699; Rogers v. State, 149 S. W. 127. While the court defined adequate cause, he omitted to pertinently apply the law to the facts, and this point was

called to the attention of the court in timely manner by proper exception and its omission was error.

The charge on manslaughter as well as on murder in effect assumes an intent to kill. The jury were nowhere required to find such intent beyond a reasonable doubt before a conviction of such offense was authorized. Where the weapon is per se deadly, the law presumes an intent to kill, but if the weapon used by appellant is one not likely to produce death under the terms of Art. 1261, P. C., the jury cannot presume that death was designed "unless from the manner in which it was used such intention evidently appears." One of the defensive issues made by the evidence in this case was appellant's lack of intent to kill. This issue was nowhere charged upon. We find no exception in the record to this omission in the court's charge, but we mention this in view of another trial. The jury should hereafter be directly charged that before a conviction can be had for either murder or manslaughter it must appear from the facts beyond a reasonable doubt that appellant had an intent to kill deceased. Griffin v. State, 40 Tex. Crim. Rep. 312; Hoover v. State, 87 Tex. Crim. Rep. 372, and the case of Collins v. State, where this question is gone into at some length, opinion delivered October 26, 1927, not yet officially reported. Where the weapon used is not deadly per se the intent to kill may be presumed from the manner in which such weapon was used under Art. 1261, P. C., which likewise should be charged. We believe further the facts proven place it within the terms of Art. 1262, P. C., which should also be given in charge if the evidence on any subsequent trial justifies it. The article reads as follows:

"If any injury be inflicted in a cruel manner though with an instrument not likely under ordinary circumstances to produce death, the killing will be manslaughter or murder, according to the facts of the case."

The court should further have charged on aggravated assault in connection with Art. 1263, P. C. See Dugan v. State, 199 S. W. 616. Neal v. State, 266 S. W. 410. Mason v. State, 255 S. W. 986. Collins v. State, supra. This was pointedly called to the court's attention by proper exception, and the omission was error.

It is insisted that the court erred in his charge in failing to submit the right of self-defense of the appellant against an unlawful attack being made or about to be made on him by deceased less than one endangering life or serious bodily injury to the appellant.

Chapter 12, P. C., contains the law of self-defense in Texas in homicide cases. By express terms of Art. 1226 of said chapter, "The attack upon the person of an individual in order to justify homicide must be such as produces a reasonable expectation or fear of death or serious bodily injury."

An attack of lesser character than the above may mitigate or reduce the offense, but will not excuse the slayer. While it is true that the right of self-defense exists in all cases, it does not follow that the right to kill co-exists with it. The first right may be without the last, but the last cannot exist without the first. So in this case, if it reasonably appeared to appellant that the attack by deceased was less than to kill or do serious bodily injury, the offense might be reduced to either manslaughter or aggravated assault under a proper charge submitting these issues, but such an attack would in no event justify appellant in slaying deceased.

Bearing in mind, however, that one of the issues in this case is aggravated assault, as well as murder, is a charge correct which authorizes an acquittal only if it reasonably appeared to defendant that he was in danger of death or serious bodily injury? This was the effect of the court's charge in this case on self-defense. This is correct in a homicide case, but unquestionably too restrictive in an aggravated assault case. Hix v. State, 51 Tex. Crim. Rep. 431; Britton v. State, 95 Tex. Crim. Rep. 209; Schutz v. State, 96 Tex. Crim. Rep. 287. An analysis of the authorities on this subject makes it plain, that while an attack which evidences a purpose less than to kill or do serious bodily injury, may reduce the offense below the grade of murder, such an attack cannot justify the defendant, except when his own act is not of a higher grade than aggravated or simple assault, and not then unless he used no more force than was necessary to protect his person from the assault so made or threatened. Hix v. State, supra.

Aggravated assault being a proper issue in this case, it will be necessary for the court to give a further charge on self-defense in accordance with the views herein expressed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.