### George B. Nash v. The State.

No. 11201.    Delivered January 4, 1928.

1.—Aggravated Assault—Complaint—Name of Affiant—Immaterial in Body of Complaint.

Where appellant moved to quash the complaint because there was a variance between the name of the affiant, as set out in the complaint, and the proof of the motion to quash was properly overruled, it not being necessary to name the affiant in the body of the complaint. See Dunn v. State, 71 Tex. Crim. Rep. 99 and Malz v. State, 36 Tex. Crim. Rep. 447.

2.—Same—Complaint—Held Sufficient.

Where a complaint charging an aggravated assault averred that the assault was made with a pistol, and that the pistol was a deadly weapon, and further alleges the manner of its use, it was not necessary to allege that the pistol was an instrument reasonably calculated to produce death or serious bodily injury from the manner in which it was used. See Hall v. State, 89 Tex. Crim. Rep. 254, and other cases cited.

3.—Same—Requested Charge—On Character of Weapon—Erroneously Refused.

Where an assault was shown to have been made by striking with a pistol it was error to refuse appellant's requested charge on the issue of the deadly character of the weapon, a pistol not being necessarily a deadly weapon when used as a bludgeon. Following Hardin v. State, 84 S. W. 591, and Peacock v. State, 107 S. W. 346.

4.—Same—Charge of Court—On Self Defense—Too Restrictive.

While it is correct in a murder case in submitting self-defense to instruct the jury that if appellant was being assaulted and was put in fear of his life, or serious bodily injury, he should be acquitted, such charge is too restrictive in an assault case. Following Forrest v. State, No. 11040, reported in this volume.

5.—Same—Charge of Court—On Issue Not Raised—Properly Omitted.

There was no evidence in this case that appellant was acting as an officer or was known to be such by the prosecuting witness at the time of the assault, and there was no necessity of submitting such issue in the charge. A commission to an officer giving him a right to carry a pistol does not in any degree license him to make an assault upon a citizen.

Appeal from the County Court of Wichita County. Tried below before the Hon. C. M. McFarland, Judge.

Appeal from a conviction for an aggravated assault, penalty a fine of $100.00.

The opinion states the case.

*Ralph D. Pittman, Fitzhugh Harley,* and *Bonner & Bonner* of Wichita Falls, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Offense aggravated assault, penalty fine of $100.00.

The complaint upon which this conviction was based is as follows:

"I, T. Eubank, do solemnly swear that I have good reason to believe, and do believe, that George B. Nash, on or about the 14th day of May, A. D. 1927, and before making and filing of this complaint, in the County of Wichita and State aforesaid, did then and there unlawfully in and upon T. Eubank make an aggravated assault with a deadly weapon, to-wit, a pistol; and did then and there strike the said T. Eubank with said deadly weapon, against the peace and dignity of the state. Troy Eubank, affiant."

It is urged that the court erred in overruling motion to quash said complaint because T. Eubank and Troy Eubank not being idem sonans, such variance in the name constituted a fatal defect. It not being necessary to name the affiant in the body of the complaint, appellant's contention is without merit. Dunn v. State, 71 Tex. Crim. Rep. 89; Malz v. State, 36 Tex. Crim. Rep. 447.

It is further urged that such complaint is deficient because it is not alleged that the pistol was an instrument reasonably calculated and likely to produce death or serious bodily injury from the manner in which it was used. The complaint specifically alleges that the pistol was a deadly weapon and further alleges the manner of its use. This is all that was required and in our opinion the complaint was sufficient. Hall v. State, 89 Tex. Crim. Rep. 254; Hunt v. State, 6 Tex. Crim. App. 663; Branch's P. C., p. 933.

The prosecuting witness testified that appellant struck him one time with a pistol, knocking him to his knees and producing a wound on his head. That it was a medium-size pistol; its weight was not shown. Appellant denied this in part.

In our opinion the court should have given appellant's special requested charge No. 6, which appears to be an exact copy of the charge requested and refused in the case of Hardin v. State, 84 S. W. 591. See also Peacock v. State, 107 S. W. 346. A pistol used as a bludgeon is not necessarily a deadly weapon and the appellant was entitled to have the jury instructed in accordance with the holding in the Hardin case, supra.

We think also that the court erred in not charging on simple assault.

The court's charge on self-defense in substance authorized an acquittal if appellant believed prosecuting witness was about to make an assault upon him which put him in fear of his life or serious bodily injury. This is a correct charge in a homicide case but too restrictive in an assault case. See recent case of Pat Forest v. State, No. 11040, not yet officially reported, where the authorities on this question are collated and a correct charge indicated.

We find the suggestion that a charge should have been given on self-defense predicated upon the idea that appellant was an officer. From the testimony of the prosecuting witness appellant's assault was wanton and unprovoked, while the appellant's evidence raises the issue of self-defense. There is no testimony showing that appellant was acting as an officer or was known to be such by the prosecuting witness at the time. A commission to an officer giving him the right to carry a pistol does not in any degree license him to make an assault upon a citizen. The record is wholly lacking in evidence to support any such issue suggested by appellant, even if his proposition was a correct statement of the law.

The bill as to the admission of certain hearsay evidence was not error in the light of the court's qualification.

Because of the errors above pointed out, the cause is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.