JIMMIE DESHAZO v. THE STATE.

No. 14092. Delivered April 1, 1931.

The opinion states the case.

*H. L. Edwards,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Under an indictment charging an assault with intent to murder one Bud Collins, appellant was convicted of aggravated assault and his punishment assessed at a fine of $50 and thirty days in jail.

The state's testimony shows an unprovoked cutting by the appellant of said Bud Collins with a knife, while the testimony of the appellant shows that it was committed in self-defense from an actual attack on the part of said Bud Collins. The facts seem to show that the parties got into a difficulty at a box supper; that they got to scuffling or wrestling, which eventually ended in a fight or an attack by one upon the other, the state's theory being that the appellant made the attack and committed the assault and inflicted several wounds upon the prosecuting witness, Bud Collins. On the other hand the testimony of the appellant was to the effect that the assault was committed in self-defense and while the said Bud Collins was attacking the appellant and after he had struck him with his fist and a pair of knucks and broken his nose.

The appellant excepted to the court's charge upon the grounds that it limited appellant's right of self-defense only as against an unlawful attack producing a reasonable expectation or fear of death or serious bodily injury and that in doing so his limitation of the rights of the appellant was too restrictive and contrary to the law; that the appellant had a legal right to defend himself from any unlawful attack on the part of the party assaulting and to limit the rights of the appellant to defend himself against an attack producing a reasonable expectation or fear of death or serious bodily injury is denying the appellant his rights under the law and resulted in prejudice to his legal rights and is telling the jury that

he cannot defend himself from any unlawful attack on the part of the party assaulting.

The learned trial judge charged upon self-defense but throughout the charge he made the right of the appellant to an acquittal depend on the ground of self-defense against an attack upon the part of Bud Collins producing a reasonable expectation or fear of death or serious bodily injury.

The evidence in this case was conflicting as to whether the appellant was being attacked by Bud Collins, and if attacked, whether with knucks or only with his fists. This evidence raised the issue of aggravated assault and that issue was properly submitted to the jury by the court. The jury was not anywhere in said charge instructed as to the right of the appellant to defend himself against an unlawful attack upon the part of the witness Collins, even though it was not of sufficient gravity to evidence a purpose to either kill or seriously injury appellant. Aggravated assault being one of the issues in this case, as well as assault to murder, a charge which only authorized an acquittal if it reasonably appeared to appellant that he was in danger of death or serious bodily injury was too restrictive of the rights of appellant under the decisions of this court, which have uniformly held that one charged with any grade of assault has the right of self-defense against any unlawful attack, even though such attack does not amount to an effort to inflict death or serious bodliy injury. Schutz v. State, 96 Texas Crim. Rep., 287, 257 S. W., 880; Britton v. State, 95 Texas Crim. Rep., 209, 253 S. W., 519; Nash v. State, 108 Texas Crim. Rep., 474, 1 S. W. (2d) 635; Forest v. State, 108 Texas Crim. Rep., 159, 300 S. W., 51; Hix v. State, 51 Texas Crim. Rep., 432, 102 S. W., 405. From these authorities we are forced to the conclusion that the trial judge was in error in his charge so excepted to and that the appellant's contention should be sustained.

Appellant by bill of exception complains that after the appellant had plead not guilty and was duly sworn that he testified on direct examination for himself and that the trial court permitted the state on cross-examination of appellant over his objection to ask the following question and elicit the following answer:

Q. "One time before this didn't you cut Tom Looney?"

A. "Yes."

This testimony was excepted to by the appellant at the time it was offered for the following reasons, to-wit: "It is prejudicial to the defendant; immaterial and serves no purpose. Another transaction which does not show system, intent or identity, and is proof of a disconnected act of violence on another party; which also tends to show that the defendant is a criminal in general." The court overruled said objection and required the appellant to testify that he had cut said Tom Looney, to which appellant then and there excepted. The facts in this case show that there

was no denial by appellant in person or through his witnesses that he did not cut the witness Collins, the offense with which he was charged. There was no question of identity, intent or system raised by the evidence. Said evidence was not part of the res gestae of the offense, but simply proof that appellant had at some time before cut some other person, which was not in any way connected with the offense charged against the appellant.

Every person charged with a crime should be tried on the merits of each case and proof of extraneous crimes which does not go to show intent, identity or system, or which is not a part of the res gestae, is not admissible if it could only show that the defendant was a criminal generally. See Branch's P. C., sec. 166, for collation of authorities. Gray v. State, 77 Texas Crim. Rep., 221, 178 S. W., 337; McClary v. State, 73 Texas Crim. Rep., 430, 165 S. W., 572; Bowman v. State, 70 Texas Crim. Rep., 22, 155 S. W. 939, 940. The admission of such evidence is under the authorities such error as calls for a reversal of this case.

For the errors shown, the judgment of the trial court is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.