FRANK GREER v. THE STATE.

No. 15128.   Delivered March 23, 1932.

The opinion states the case.

*Stinston, Hair, Brooks & Duke,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Under an indictment charging the appellant with assault with intent to murder, appellant was convicted of aggravated assault, and his punishment assessed at a fine of $600 and confinement in the county jail for a period of ninety days.

It appears from the testimony of the state that the appellant shot a man by the name of Oliver Wills.  It appears further from the evidence that appellant and his wife were sitting in a car and the appellant called the said Wills over to said car for the purpose of discussing some alleged previous statement the said Wills was alleged to have made concerning appellant's wife.  After some discussion between the appellant and said Wills, a difficulty ensued in which said Wills was shot.

The testimony introduced by the appellant raised the issue of self-defense, accidental shooting, and a lack of intent to kill.  The court charged on self-defense, accidental shooting, and aggravated assault.  The evidence in this case is conflicting as to whether the appellant was being attacked by the said Wills at the time Wills was shot, and the evidence clearly raised the issue of aggravated assault, which issue was submitted by

the court to the jury. The appellant excepted to the court's charge upon the ground that it limited appellant's right of self-defense only as against an unlawful attack producing a reasonable expectation or fear of death or serious bodily injury, and that in so doing, the court's limitation of the right of appellant was too restrictive under the law.

The learned trial judge charged upon self-defense, but throughout the charge he made the right of appellant to an acquittal depend upon the ground of self-defense against an attack upon the part of said Wills producing a reasonable expectation or fear of death or serious bodily injury. The jury was not instructed anywhere in said charge as to the right of appellant to defend himself against an unlawful attack on the part of the witness Wills, even though it was not of sufficient gravity to evidence a purpose to either kill or seriously injure appellant. Aggravated assault being one of the issues in this case under the evidence, as well as an assault to murder, the charge which only authorized an acquittal if it reasonably appeared to appellant that he was in danger of death or serious bodily injury was too restrictive of the rights of appellant. This court has uniformly held that one charged with any grade of assault has the right of self-defense against any unlawful attack, even though such attack does not amount to an effort to inflict death or serious bodily injury. See Schutz v. State, 96 Texas Crim. Rep., 287, 257 S. W., 880; Britton v. State, 95 Texas Crim. Rep., 209, 253 S. W., 519; Nash v. State, 108 Texas Crim. Rep., 474, 1 S. W. (2d) 635; Forest v. State, 108 Texas Crim. Rep., 159, 300 S. W., 51; Hix v. State, 51 Texas Crim. Rep., 431, 102 S. W., 405.

Under the authorities cited, the trial judge was in error in his charge so excepted to, and it was such error as will necessarily call for a reversal.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.