### George Rojas v. The State.

No. 17984. Delivered February 26, 1936.

The opinion states the case.

*W. L. Edwards* and *Crain & Vandenberge,* all of Victoria, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for aggravated assault and battery, punishment being assessed at a fine of one hundred dollars and thirty days' confinement in the county jail.

Appellant was tried upon an indictment containing three counts, only the first and second being submitted to the jury. The first count charged appellant with assault with intent to murder upon Adolph Fromme, and the second count charged him with maiming said Fromme by wilfully and maliciously putting out one of Fromme's eyes.

Appellant and Fromme had been neighbors and had had no difficulty or trouble with each other up to the time of the commission of the alleged offense. At that time a difference arose between them with reference to service charges of a stallion belonging to appellant's brother, which stallion appellant had been looking after. Appellant went to the field where Fromme was at work and, according to the latter's testimony, when the dispute arose with reference to the charges, he leaned over to look at some entries in a book which appellant had in his hand and while he was so leaning over appellant struck him, knocked him down, then kicked him several times resulting in three broken ribs, the loss of one eye and other bruises and lacerations. It was appellant's contention that Mr. Fromme had a hoe with which he was working in a watermelon patch, and that when the dispute arose Fromme raised the hoe up in a position to strike, and threatened to kill appellant, at which time appellant disarmed him of the hoe; that Fromme continued the assault upon appellant and that any injuries inflicted by appellant were inflicted with his fists, and in self-defense.

The court charged upon assault with intent to murder, maiming and aggravated assault. The charge on self-defense limited appellant's right to act to an attack or threatened attack on Fromme's part which produced in the mind of appel-

lant a reasonable expectation or fear of death or serious bodily injury. It was specifically pointed out by a number of exceptions to the charge that the instruction with reference to self-defense was too restrictive, and that the court, especially, in submitting the issue of self-defense against the charge of aggravated assault, should not have limited appellant's right to defend against an attack or threatened attack producing fear of death or serious bodily injury. The court declined to amend the charge in response to these exceptions. In such refusal the court fell into error. We have frequently had occasion to write upon this subject, and it is not necessary to elaborate upon the matter. Precedents will be found in the following authorities. The general rule will be found stated in Texas Jur., Vol. 22, Sec. 289, page 1042. See Britton v. State, 95 Texas Crim. Rep., 209, 253 S. W., 519; in which many cases are cited. Schutz v. State, 96 Texas Crim. Rep., 287, 257 S. W., 880; Forest v. State, 108 Texas Crim. Rep., 159, 300 S. W., 51; Nash v. State, 108 Texas Crim. Rep., 474, 1 S. W. (2d) 635; DeShazo v. State, 118 Texas Crim. Rep., 42, 37 S. W. (2d) 751; Holland v. State, 118 Texas Crim. Rep., 439, 39 S. W. (2d) 35; Greer v. State, 47 S. W. (2d) 831.

That appellant should have had a charge advising the jury of his right to act in self-defense against an attack which threatened injury less than death or serious bodily harm is apparent from the evidence. Appellant never claimed that Fromme struck him with the hoe, but says when he threatened to do so appellant disarmed him of the hoe. If he acted in self-defense thereafter it was against an attack which the jury may have believed did not go so far as to threaten death or serious bodily injury.

Other complaints brought forward by appellant are not thought to be meritorious.

For the reasons assigned the judgment is reversed and the cause remanded.

*Reversed and remanded.*