HUGH LUSK v. THE STATE.

No. 18655.   Delivered December 16, 1936.
Rehearing Denied January 13, 1937.

The opinion states the case.

*E. T. Miller,* of Amarillo, and *C. D. Wright,* of Silverton, for appellant.

504

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder without malice, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The testimony adduced by the State shows that on the afternoon of the 19th day of October, A. D. 1935, the appellant and deceased engaged in playing a game of pool; that a controversy arose between them over the game which led to some uncomplimentary remarks being passed between them over the game and precipitatd a fight in which appellant struck deceased with a billiard cue, knocked him down, then got on top of him and struck him with his fist until an officer pulled him off; that after the officer had taken him off of the deceased, appellant stamped him two or three times in the face. From the injuries thus inflicted deceased died in a very short time.

Appellant's version of the affair was that he and deceased were engaged in a game of pool on which they had made a bet; that the game terminated in favor of appellant, as a result of which deceased owed him $7.50; that deceased contended that appellant had not made a certain ball; that this brought about a controversy in which deceased called appellant a "liar" and said that he would "whip hell" out of him and started around the table; that as he did so appellant struck him with a billiard cue, which broke; that deceased hugged him, appellant, around his neck, choked him and when they fell to the floor he, appellant, got on top of him and struck him with his fist, but at no time stamped him with his feet; that the reason he struck appellant with a billiard cue and hit him with his fist was because he was afraid the deceased would inflict some serious bodily injury upon him and to prevent it he acted in self-defense.

The court charged on murder with malice aforethought, defined malice aforethought, charged on murder without malice, defined adequate cause, charged on the law of self-defense, and on aggravated assault and battery. Appellant objected to the court's charge on the law of self-defense in that the court in his charge only applied the law of self-defense to murder and not to aggravated assault. Looking to the charge we find the following instructions:

"* * * Homicide is justified by law when committed in defense of one's own person, or the person of another, against an unlawful attack, real or apparent, made in such manner as to produce in the mind of the defendant or the person attacked, a reasonable expectation or fear of death or serious bodily

injury. Reasonable expectation or fear of death or serious bodily injury would excuse a party in using all necessary force to protect his life or person or the life or person of another, and you are charged that a person has the same right to defend himself or another person against apparent danger as he would have were the danger real, provided the person acts upon the reasonable appearance of danger, as it appears to him, viewed from his standpoint at the time, and in such case the party acting under such reasonable appearance of danger is not bound to avoid the necessity of killing his assailant."

"If, from the evidence, you believe that the defendant killed the said Raymond Lowry, but you further believe that at the time of so doing, or just before, the defendant was confronted by the deceased, and that the deceased advanced upon him and hit or hit at the defendant, or grabbed defendant around his neck or choked the defendant or had made or was about to make or was making an attack upon the defendant, and from the words spoken, or acts done, by the deceased at said time, or previously, if any, which from the manner and character of such words, or acts, if any, of the character and disposition of the deceased and from the manner and character and relative strength of the parties, the defendant had a reasonable expectation or fear of death or serious bodily injury, viewed from the defendant's standpoint at and during the time, the defendant killed the deceased, if he did, then you will acquit the defendant or if you have a reasonable doubt thereof you will acquit the defendant and then in that event the defendant had the right to act upon such reasonable appearance of danger, if any, and to kill the deceased, notwithstanding such danger might not have been real, but only apparent, and if he did so act, under such belief, and kill the deceased, under such circumstances, it would be justifiable, and if you so find, or have a reasonable doubt thereof, you will find the defendant not guilty. If, however, you believe from the evidence beyond a reasonable doubt that the defendant did not have a reasonable expectation or fear of death or of receiving serious bodily injury at the time of the killing, if any, viewing the facts from the defendant's standpoint at the time, then you will find against him on his plea of self defense."

To this the appellant objected on the ground that there was no charge on self-defense in connection with the charge on aggravated assault; that the charge limited his right of self-defense as against a reasonable expectation or fear of death or receiving serious bodily injury. Ordinarily in aggravated as-

sault cases where self-defense is an issue and the conviction is for aggravated asault, such a charge is called for; but in the instant case the court instructed the jury that before they would be authorized to convict him of murder, they would have to find a specific intent to kill and that the instruments, from the manner of their use, were deadly weapons. As against the charge of murder the issue of self-defense was submitted to the jury, instructing them that appellant had a right to defend against any attack, real or apparent, producing a reasonable expectation or fear of death or serious bodily injury; and the jury were further instructed that in the event they found appellant guilty of murder, then they were not to consider the question of aggravated assault, but in the event they did not find him guilty of murder, they should consider the question of whether or not he was guilty of aggravated assault. The jury found against appellant's plea of self-defense in that they found him guilty of murder without malice. If the jury had acquitted the appellant of murder and had found him guilty of aggravated assault, then there would be, under the rule announced by this court in the case of Rojas v. State, 91 S. W. (2d) 370, and authorities there cited, some merit in his contention. It therefore follows that the issue of aggravated assault and battery as well as the right of self-defense had passed out of the case and the court's failure to give the requested instruction could not have injuriously affected appellant's right.

It is therefore ordered that the judgment of the trial court be and the same is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant insists that we should reverse this case because there was no charge on circumstantial evidence, the charge given being excepted to for such reason. We do not think this a case on circumstantial evidence. Positive proof was put before the jury of the fact that appellant struck deceased with a billiard cue; that he got astride the prostrate body of deceased as he lay on the concrete floor and beat him in the face with his fist as hard as he could, and stamped him with his feet. A doctor who came in while appellant was so engaged testified that deceased was

practically dead when appellant was pulled off his body. The doctor said he died from the effects of the violence inflicted.

It is urged that the charge was defective for not instructing the jury to acquit unless appellant had the specific intent to kill. Paragraph eleven of the charge is as follows:

"You are further charged that before you can convict the defendant of murder you must find and believe from the evidence beyond a reasonable doubt that at the time of the homicide, if any, the defendant had the specific intent to kill the deceased."

We find nothing wrong with the court's charge in this regard, nor in his definition of malice aforethought.

Complaint is made of the failure of the court to charge that appellant had his right of self-defense as against any unlawful violence or assault,—and specifically that in his charge on aggravated assault the court gave no instruction on appellant's right of self-defense in case his offense, if any, was not deemed greater than aggravated assault and in this connection our attention is called to the cases of Forest v. State, 300 S. W., 51, and Rojas v. State, 91 S. W. (2d) 370. In the Forest case it became necessary to reverse for other reasons, but we called attention to the fact that a charge on aggravated assault should be accompanied by one instructing the jury on the right of the accused to defend himself against an attack less than deadly, which should be given in an appropriate case. The Rojas case, supra. and other opinions of this court illustrate and emphasize the point. The Rojas case was one in which, upon indictment charging assault to murder, the accused was convicted of aggravated assault, and was reversed because the trial court had refused to charge on the right of self-defense against such violence and assault as constituted aggravated assault. In the instant case self-defense was properly charged as applicable to the murder case involved, but had the conviction been for aggravated assault, we might have been forced to reverse because the jury were not instructed as against an assault less than deadly, or less than likely to inflict serious bodily injury.

The appellant in this case having been given fully in the charge all he was entitled in the matter of an instruction on self-defense in a murder case, and having been convicted of murder, we are unable to agree with apellant that any injury appears.

The motion for rehearing will be overruled.

*Overruled.*