## DALTON BOUDREAUX V. THE STATE.

No. 18754.   Delivered March 3, 1937.
Rehearing Denied April 21, 1937.

The opinion states the case.

*McCall & Broadus,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for assault with intent to murder; penalty assessed at confinement in the penitentiary for three years.

The evidence is conflicting. The State's testimony shows that J. H. Washington, the injured party, resided with his mother, sisters and brothers in a house situated near the street. About eleven o'clock on the night of the alleged offense the appellant and others parked their automobile in front of or near the Washington home. Washington was not at home at the time the car was parked but he arrived soon thereafter. Loud cursing, swearing and obscene language was heard by the occupants of the Washington house which came from the car occupied by the appellant and his companions. Washington went to the car and asked the appellant to stop the cursing and

swearing on account of the presence of his mother and sisters in the house. Appellant started towards Washington, who retreated to the porch and picked up a roller skate therefrom, whereupon appellant fired a pistol, the bullet taking effect in the body of Washington, inflicting a wound by reason of which he was confined in the hospital for about a month.

Appellant testified that he had several women in his car; that he parked at a certain street intersection for the purpose of taking home one of the women in the car. During his absence his friends began to sound the horn as a signal for him to return to the car, whereupon a brother of Washington came out of the house and complained of the noise. About this time Washington came out of the house and, according to the testimony of the appellant, began an unjustified attack upon the occupants of the car during which one of the windows of the car was broken, the car door was "sprung" and one of the women was struck with an ice-pick in the hands of Washington. Appellant got out of the car, whereupon Washington went into the house, got a pistol and attempted to hit appellant over the head with it; that in warding off the blow the appellant's finger was struck and injured by the pistol in the hands of Washington. There was proof that appellant was crippled in that his neck had been broken and he was required to wear his head in what was referred to as a brace or sling. Appellant testified that he shot Washington to prevent injury to himself and without any intent to kill him; that he aimed at the arm of Washington rather than at his body.

Under the above facts the trial court submitted the case to the jury upon the law of assault with intent to murder, both with and without malice. The court also gave a charge upon the issue of aggravated assault. As to the issue of aggravated assault the effect of the charge was that if appellant assaulted Washington with a deadly weapon but with no intent to murder him, he would be guilty of an aggravated assault.

A charge on self-defense was given which authorized the appellant to defend against any attack of Washington producing a reasonable expectation or fear of death or serious bodily injury.

In connection with the appellant's defensive theory the court gave the following charge:

"You are further instructed that if you find from the evidence that the alleged injured party was advancing upon the defendant in a threatening manner with a pistol that the defendant had the right to presume that the said J. H. Wash-

ington intended to inflict upon him serious bodily injury, and if you so find, then you are instructed that the defendant would be justified in using any means at his command to prevent real or apparent injury to himself. In case you have a reasonable doubt as to whether or not the injured party was advancing upon the defendant, with a pistol in hand, then you are instructed to give the defendant the benefit of such doubt, if any, and acquit him and say by your verdict 'not guilty'."

Appellant contends that the trial court was in error in not charging on self-defense from a lesser attack than one producing a reasonable expectation or fear of death or serious bodily injury and in keeping with the provisions of Art. 1224, P. C., 1925. In the light of the charge quoted above, the appellant's contention is not deemed well taken. In that charge the jury were instructed in effect that if Washington was advancing upon him in a threatening manner with a pistol, then the appellant was justified in using any means at his command to prevent any injury to himself. It is concluded that such a charge gave appellant the benefit of all the defensive theories under the facts of this case.

Appellant also contends that he was entitled to have the jury instructed upon the defense not only of his automobile but also of the occupants thereof. The facts are not sufficient to raise this defensive theory.

In writing the judgment and sentence the court failed to take note of the Indeterminate Sentence Law, under the terms of which the appellant is condemned to suffer confinement in the state penitentiary for a period of not less than one nor more than three years. As so reformed, the judgment of the trial court will be affirmed.

*Judgment reformed, and, as reformed, affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant urges that we are in error in disposing of his contention that the court should have instructed on appellant's right of defense against an attack less than one threatening death or serious bodily injury. The court has had occasion many times to write upon this subject, and now calls attention to the fact that in most of the cases where such instruction has not been given and its omission held error will be found to be those in which convictions were for aggravated assault. See Hix v. State, 51 Texas Crim. Rep., 431; Rojas v. State, 91 S. W. (2d) 370;

Greer v. State, 120 Texas Crim. Rep., 21, 47 S. W. (2d) 831; DeShazo v. State, 118 Texas Crim. Rep., 42, 37 S. W. (2d) 751; Nash v. State, 108 Texas Crim. Rep., 474, 1 S. W. (2d) 635; Schutz v. State, 96 Texas Crim. Rep., 287, 257 S. W., 800; Britton v. State, 95 Texas Crim. Rep., 209, 253 S. W., 519. In the following cases convictions were for a higher grade than aggravated assault. Lusk v. State, 100 S. W. (2d) 369; Holland v. State, 118 Texas Crim. Rep., 439, 39 S. W. (2d) 35; Forest v. State, 108 Texas Crim. Rep., 159, 300 S. W., 51; Taylor v. State, 122 Texas Crim. Rep., 507, 56 S. W. (2d) 646. In none of the cases mentioned do we find a charge similar to that given by the court in the instant case. Art. 1223 P. C. in substance provides that if the weapon or means used by a party attempting to commit murder, etc., is such as would have been calculated to produce that result, it is to be presumed that the person so using them designed to inflict the injury. It will be observed that the court extended the charge in the present case beyond the statute. The defense made by appellant and his witnesses was that Washington was striking at appellant with a pistol, it apparently not being used in such manner as would have been calculated to result in the death of appellant. Notwithstanding, the court told the jury that if Washington was advancing upon appellant in a threatening manner with a pistol—apparently regardless of the manner in which he was using the pistol—that appellant had the right to presume that Washington intended to inflict serious bodily injury, and that appellant under such circumstances would be justified in using *any means* at his command to prevent injury to himself; and further told the jury if they had a reasonable doubt that Washington was advancing upon appellant with a pistol in his hand to acquit him. It may be that if appellant had been convicted of an aggravated assault we would have had a closer question than is here presented. However, when legal effect is given to the instruction mentioned it told the jury that it was a presumption of law that Washington intended to inflict upon appellant serious bodily injury and that appellant could under the circumstances resort to *any means* to prevent injury to himself. It was by reason of the peculiar wording of the charge we reached the conclusion that no reversible error was presented. We again call attention to the fact that in none of the cases cited does such a charge as was here given appear.

Appellant's motion for rehearing is overruled.

*Overruled.*